UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IN RE:

    DANIEL P. FERRARO                        Bankr. Case No. 00-63241
    CELESTE H. FERRARO

                                                 Chapter 7

                              Debtors.

LEE E. WOODARD, TRUSTEE,

                                                 Adv. Pro. No. 03-80476

                              Plaintiff,

    -against-

ALAN BALCOURT,                              Dist. Case No. 6:05-MC-0114 (LEK)

                              Defendant.

## **DECISION AND ORDER**

      This matter comes before the Court following Proposed Findings of Fact, Conclusions of Law and Recommendation (Dkt. No. 1) by the Honorable Stephen D. Gerling, Chief United States Bankruptcy Judge, issued on November 23, 2005, pursuant to 28 U.S.C. §§ 157(c)(1) & 1334, Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56, and Local Rule 76 of the Northern District of New York; and filed on the District Court's docket on December 9, 2005.

      28 U.S.C. § 157(c)(1) provides:

    A bankruptcy judge may hear a proceeding that is not a core proceeding but that
  is otherwise related to a case under title 11.  In such proceeding, the bankruptcy
  judge shall submit proposed findings of fact and conclusions of law to the district
  court, and any final order or judgment shall be entered by the district judge after

1

considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

Generally, in the Northern District of New York the parties have ten (10) days within which to file objections to the proposed findings and recommendation of the bankruptcy judge, although 28 U.S.C. § 157(c)(1) does not specify a specific time period for objections. In re Ne. Dairy Co-op. Fed'n, Inc., 80 B.R. 632, 633 (N.D.N.Y. 1988) (McCurn, D.J.) ("Although 28 U.S.C. § 157(c)(1) does not specify the time in which objections must be made to the bankruptcy judge's proposed order, it has been the practice of this court to give the parties ten (10) days in which to file objections."). The District Court's docket sheet notes that, upon transfer of the matter to this Court for determination, on December 9, 2005, no objections had been filed to Chief Bankruptcy Judge Gerling's Proposed Findings of Fact, Conclusions of Law and Recommendation.

Furthermore, in the Second Circuit the district court issues a final order in proceedings arising under § 157(c)(1) only after a *de novo* review of the bankruptcy court's proposed facts and conclusions of law, see Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (Walker, C.J.) ("Where a bankruptcy court acts in a non-core proceeding, a final order may be issued only in one of two ways: by the district court after *de novo* review of the bankruptcy court's proposed factual findings and legal conclusions, § 157(c)(1); or by the bankruptcy court with the consent of the parties, § 157(c)(2).") (citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1100-01 (2d Cir. 1993)). See also In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 704 (2d Cir. 1995) (Walker, J.).

Both the Supreme Court and the lower federal courts have set forth a clear formula for the standard governing the grant or denial of summary judgment. Therefore, although familiarity is

presumed, the Court sets forth the applicable standard by quoting from that presented numerous times before by the Courts of the United States, and the Second Circuit.

> Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.".... "[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden."... "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."... The moving party carries the burden of demonstrating that no genuine issue of any material fact exists,..., and, in considering whether the burden is met, a court draws all inferences, and resolves all ambiguities, in favor of the non-movant,.... Once the movant has demonstrated that there is no genuine issue as to any material fact, the non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'"... Where the non-movant bears the burden of proof at trial, summary judgment should be granted if the non-movant fails to "'make a showing sufficient to establish the existence of an element essential to [its] case.'"... The non-movant may defeat summary judgment only by producing specific facts that show there is a genuine issue of material fact for trial. The moving party may discharge its burden under Rule 56 by showing -- i.e., by "pointing out" -- an absence of evidence supporting the non-movant's claim....

Derienzo v. Metro. Transp. Auth., No. 01 Civ. 8138(PKL), 2005 WL 3434687, at *5 (S.D.N.Y. Dec. 13, 2005) (citations omitted; citing, *inter alia*, FED. R. CIV. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986))). See also Bennett v. Mfrs. & Traders, No. 599CV827 HGM/GHL, 2005 WL 2896962, at *4 (N.D.N.Y. Nov. 2, 2005) (Munson, S.D.J.).

Bankruptcy courts and district courts (and, for that matter, the Courts of Appeals when reviewing summary judgment *de novo*) apply the same standards of decision. Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable. Thus, this

Court's *de novo* review evaluates the same law and factors as the Bankruptcy Court. See In re Baumblit, 251 B.R. 442, 443 (E.D.N.Y. 2000) (citing In re Omni Mut., Inc., 193 B.R. 678, 680 (S.D.N.Y. 1996); Taggart v. Time, Inc., 924 F.2d 43, 45-46 (2d Cir. 1991) (Cardamone, J.)).

After examining the record, the submissions of the parties, the relevant law and Judge Gerling's Proposed Findings of Fact, Conclusions of Law and Recommendation, the Court has determined that it will adopt Judge Gerling's proposed findings and recommendation in this case, for the reasons set forth therein[1].

Accordingly, it is hereby

**ORDERED**, that the Proposed Findings of Fact, Conclusions of Law and Recommendation of Chief Bankruptcy Judge Gerling are **APPROVED** and **ADOPTED** in their **ENTIRETY**; and it is further

**ORDERED**, that Defendant Balcourt's Motion for Summary Judgment is **GRANTED**; and it is further

---

[1] It should be noted, however, that the case of Weber v. King, 110 F. Supp. 2d 124 (E.D.N.Y. 2000) appears to have held that, in that Court's opinion, derivative actions may be brought by members of an LLC, despite the exclusion of such language from New York's Limited Liability Corporation Law. Id. at 131-33 (making analogy to corporate and limited partnership forms). But, the company must be joined as an indispensable party. Id. However, the Supreme Court of the State of New York, Appellate Division, Second Department, has ruled that "an alleged owner/member of a limited liability company, does not have the right to bring a derivative action on behalf of the company." Hoffman v. Unterberg, 780 N.Y.S.2d 617, 619-20 (2d Dep't 2004) (citations omitted). In the case currently at bar, the Court does not reach this issue because, as the Bankruptcy Judge points out, the Trustee does not appear to have filed a shareholder derivative suit in this matter. See Complaint (Bankr. Dkt. No. 1). Furthermore, it does not appear that the LLCs may be joined due to their membership structure - 50% ownership each of debtor and defendant - and, without a proper suit pending, this Court will not undertake a Federal Rule of Civil Procedure 19 analysis.

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:    December 28, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge